IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GREGORY MARCELL FULLER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0089 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Petitioner GREGORY MARCELL FULLER has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his state conviction for the offense of aggravated assault against a public servant. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief is successive and should be DISMISSED.

I.
PROCEDURAL HISTORY

On October 3, 2002, Criminal District Court Number Three of Dallas County, Texas convicted petitioner of injury to a child under the age of fourteen. Petitioner received a sentence of eight years' incarceration. The judgment was affirmed on direct appeal, and petitioner did not seek a petition for discretionary review. *Fuller v. State*, No. 05-02-1647-CR, 2003 WL 21962521 (Tex.

App.—Dallas Aug. 18, 2003, no pet.). Petitioner submitted his first state application for habeas corpus relief in August 2005. *In re Fuller*, No. WR-62,797-01. Relief was denied without written order on the trial court's findings in November 2005. *Id.* In September 2006, petitioner applied to the Dallas Division of the Northern District of Texas for federal habeas corpus relief. *Fuller v. Quarterman*, No. 3:06-CV-1774. That court, adopting the Magistrate Judge's Report and Recommendation, denied and dismissed petitioner's application as time barred in June 2007. *Id.*

While his federal application was still pending, petitioner submitted another application for state habeas corpus relief in March 2007. *In re Fuller*, No. WR-62,797-002. Petitioner was again denied relief without written order on the trial court's findings in May 2007. *Id.* Petitioner filed the instant habeas corpus petition in May 2009.

## II.
## PETITIONER'S ALLEGATIONS

In his petition and amendment thereto, petitioner appears to contend he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. The trial court erred by failing to apply the law to the facts in the jury charge, violating the Federal Constitution.

2. The trial court erred by failing to apply the law to the facts in the jury charge, violating the Texas Constitution.

3. The State failed to prove that the prior convictions alleged in the indictment for habitual felony offender punishments became final before the injury to a child conviction occurred.

4. Petitioner repeats the argument in point 3.

5. The evidence was factually insufficient to support the conviction.

6. Petitioner's trial counsel rendered ineffective assistance.

III.
PERMISSION TO FILE APPLICATION

By the instant federal habeas corpus application, petitioner challenges his conviction for the offense of injury to a child. Petitioner has challenged this conviction and resulting sentence in a previous federal habeas corpus application filed in the United States District Court for the Northern District of Texas, Dallas Division. *See Fuller v. Quarterman*, 3:06-CV-1774. On June 12, 2007 that court denied and dismissed petitioner's federal habeas corpus application.

Title 28 U.S.C. section 2244(b)(3)(A) provides that ***before*** a second or successive application permitted by section 2244(b)(2) is ***filed*** in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2244(b)(3)(A), which became effective April 24, 1996, creates a "gatekeeping" mechanism at the appellate court for the consideration of second or successive applications in the district courts. *Felker v. Turpin*, 518 U.S. 651, 657, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996). Specifically, it "transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court." *Id.* Permission may be obtained only by filing, with the appropriate federal appellate court, a motion for authorization to file a successive habeas petition with the district court. *In re Epps*, 127 F.3d 364 (5th Cir. 1997) (detailing the procedure for obtaining authorization from the appellate court). The federal court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines the application makes a prima facie showing that the application satisfies the requirements set forth in 28 U.S.C. section 2244(b)(2).

The strictures of section 2244(b)(2) allow a district court to consider a claim presented in a

second or successive habeas application[1] that was not presented in a prior application only if the claim (1) "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;" or (2) is based on a factual predicate that "could not have been discovered previously through the exercise of due diligence" and which, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

The first four points of error in petitioner's application are the exact same as those he presented to the Dallas Division in 2006. Pursuant to Title 28 U.S.C. section 2244(b)(1), these claims would have to be dismissed forthwith. Petitioner's final two points, regarding the sufficiency of evidence and the effective assistance of counsel, both relate back to issues regarding his original trial and which he could have presented in his prior federal habeas corpus petition. Further, there is no new rule of constitutional law that make his present claims any more viable than they would have been were they presented in petitioner's first federal habeas corpus petition. Therefore, were this Court able to review these claims, they would likely be dismissed. *See* 28 U.S.C. § 2244(b)(2).

Regardless, this Court is bound by the law of Title 28 U.S.C. section 2244(b)(3), and therefore cannot consider the instant application for habeas corpus relief without an order from the United States Court of Appeals for the Fifth Circuit authorizing it to do so. Petitioner has failed to demonstrate that he has obtained such authorization to file the pending federal habeas corpus application. Because petitioner has failed to obtain the appropriate appellate court permission to file a successive federal habeas petition with this Court as required by 28 U.S.C. section 2244(b)(3)(A),

[1]Title 2244(b) does not define what constitutes a "second or successive habeas corpus application." Even so, the undersigned finds the instant application for habeas relief is a "second or successive habeas corpus application" within the meaning of section 2244(b) because it, like petitioner's prior habeas applications, challenges petitioner's custody pursuant to his conviction for the offense of injury to a child on October 3, 2002, out of Criminal District Court Number Three of Dallas County, Texas.

this Court has no authority to consider his request for relief. Consequently, it is the undersigned's opinion that this Court lacks subject matter jurisdiction to consider petitioner's application for a writ of habeas corpus and that petitioner's federal application for habeas corpus relief should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), (h)(3) of the Federal Rules of Civil Procedure, and 28 U.S.C. section 2244(b)(3)(A).

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner GREGORY MARCELL FULLER be DISMISSED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of June 2009.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

*** NOTICE OF RIGHT TO OBJECT ***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections

must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).